Argued and submitted March 8, reversed June 1, 2011

Erlene Lynn GELLATLY,
aka Erlene A. Gellatly,
*Petitioner below,*

*and*

STATE OF OREGON,
by and through the Division of Child Support,
Support Enforcement,
*Petitioner-Appellant,*

*v.*

Robert Ira GELLATLY,
*Respondent-Respondent.*

Columbia County Circuit Court
023078; A142409

256 P3d 202

Denis M. Vannier, Assistant Attorney General, argued the cause for appellant. With him on the briefs were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Robert P. VanNatta argued the cause for respondent. With him on the brief was VanNatta & Petersen.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Petitioner seeks review of a Columbia County Circuit Court order that directed the Division of Child Support of the Department of Justice to withdraw an income-withholding order that the division had issued to the Social Security Administration to enforce respondent's child support obligations. The income-withholding order directed the Social Security Administration to deduct the amounts that respondent owed for child support from his Social Security payments and to pay those amounts to the division. Respondent challenged the income-withholding order in circuit court. The court held a hearing on the challenge on April 27, 2009, and two days later issued an opinion letter in which it concluded that the income-withholding order had to be withdrawn.

The court noted in its letter that "ORS 25.405 sets out the rules for contesting an order to withhold and makes it clear at ORS 25.405(2) [that] the only basis for contesting the order to withhold is a mistake of fact." ORS 25.405(2) defines "mistake of fact" as "an error in the amount of current support or arrearages, or an error in the identity of the obligor." The court then turned to ORS 25.245 (2007), *amended by* Or Laws 2009, ch 80, § 1,[1] which establishes a rebuttable presumption that an obligor is unable to pay child support if the obligor is receiving cash payments from any of a variety of governmental assistance programs, including the federal Supplemental Security Income Program. The court concluded that (1) respondent was subject to the rebuttable presumption because he "receives income from the federal Supplemental Security Income Program" and (2) no one had sought to rebut the presumption. *See* ORS 25.245(3), (4) (2007) (prescribing procedure by which to rebut presumption that an obligor receiving governmental assistance payments

---

[1] ORS 25.245(1) (2007) provides:

"Notwithstanding any other provision of Oregon law, a parent who is eligible for and receiving cash payments under ORS 412.001 to 412.069 and 418.647, the general assistance program as provided in ORS chapter 411 or a general assistance program of another state or tribe, the Oregon Supplemental Income Program or the federal Supplemental Security Income Program shall be rebuttably presumed unable to pay child support and a child support obligation does not accrue unless the presumption is rebutted."

is unable to pay child support). The court concluded, therefore, that the income-withholding order had to be withdrawn because "there is a mistake of fact, to wit, [respondent's] ability to pay and the amount to be paid if he is able to pay child support."

Our review of the transcript of the April 27, 2009, hearing reveals, however, that no evidence was submitted at the hearing. Consequently, there is no evidence in the record to support the court's finding that respondent was receiving cash payments from the federal Supplemental Security Income Program and, hence, that he was subject to the rebuttable presumption in ORS 25.245 (2007). The court therefore erred in ordering the child support division to withdraw its income-withholding order.[2]

Reversed.

---

[2] In light of the basis of our decision, we need not determine the proper relationship between ORS 25.245, which specifies the process by which an obligor can invoke the rebuttable presumption regarding the obligor's inability to pay child support, and ORS 25.405, which specifies the grounds on which to challenge an income-withholding order.